**UNITED STATES, Appellee,**

v.

**Staff Sergeant Danny L. STORTS, 288–52–7900, United States Army, Appellant.**

**ACMR 9200692.**

U.S. Army Court of Military Review.

23 Oct. 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Clayton R. Diedrichs, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a general court-martial composed of officer members. Pursuant to his pleas, the appellant was convicted of sodomy with a child under the age of sixteen (three specifications), extortion, indecent liberties and indecent acts on a child under the age of sixteen, and indecent liberties with a child under the age of sixteen (two specifications), in violation of Articles 125, 127, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 927, and 934 (1982). The court-martial sentenced appellant to a bad-conduct discharge, confinement for twenty-five years, forfeiture of one-half pay per month for the period of confinement, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for forty-eight months, forfeiture of $392.00 pay per month for forty-eight months, and reduction to Private E1.

On appeal, the appellant alleges that he was denied effective assistance of counsel

during the sentencing portion of the trial when his trial defense counsel failed to question the court members.

After the appellant's pleas had been accepted as provident by the military judge, the military judge asked the trial counsel if he would have any voir dire for the court members. Trial counsel said that he would question the court members. The military judge then inquired if defense counsel would be conducting voir dire of the court members. Defense counsel stated that he would not.

When the court members were assembled, the military judge asked approximately twelve questions covering the basics of voir dire: preconceived notion of proper punishment, knowledge of appellant or victim, knowledge of facts, knowledge or experience with law or child sex abuse, knowledge of victims of similar incidents, rating chain, and follow-up questions on doubts as to ability to participate in trial.

The trial counsel then asked six questions concerning the knowledge, if any, the members had of the effects of child abuse on the victim, the ability of the members to pass sentence on another person, and the public duty to protect children. Defense counsel then declined to ask the members any questions on voir dire.

The appellant asserts that the failure of his trial defense counsel to voir dire the court members for sentencing was ineffective assistance of counsel under the criteria set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Holt,* 33 M.J. 400 (C.M.A.1991). We disagree.

The standard to evaluate the effectiveness of counsel is clearly set forth in *Strickland* and *United States v. Scott,* 24 M.J. 186 (C.M.A.1987). For the appellant to prevail on his claim of ineffective assistance of counsel, he must satisfy the two prong test of *Strickland:*

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that

the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064.

Evaluating the trial defense counsel's lack of voir dire as to the first element of *Strickland* we fail to see a serious deficiency under the facts of this case. While generally counsel should engage in the questioning of court members to explore grounds for challenges and to educate the members as to their client's interests, *see United States v. Holt,* such failure to conduct voir dire, of and by itself, does not rise to a serious deficiency. Contrary to assertions of the appellant, counsel may choose to refrain from questioning of the court members for any number of sound and valid reasons, such as prior knowledge of the members or trial strategy. To hold otherwise would create an unsound *per se* rule which would result in counsel conducting voir dire as a precautionary gesture and not as a means to ensure a fair and impartial tribunal. Adoption of such a holding under the facts of this particular case, where the questioning by the military judge and trial counsel clearly covered grounds for challenges and insured impartiality of the court, would be especially unsound.

The trial defense counsel filed with this Court an affidavit in response to the claim of ineffectiveness lodged by the appellant. The defense counsel explains that he did not question the court members for sound tactical reasons: the appellant pled guilty to serious offenses and he did not want to highlight them more than had been done in the stipulation of fact which accompanied the pretrial agreement and the questioning by the military judge and trial counsel, his prior knowledge that the military judge would question the court members, the number and the adequacy of the questions the military judge did ask, personal knowledge of several of the court members from prior association, and confidence in the court members' ability to hear the evidence because they were commissioned officers. Evaluating counsel's performance at the time of the alleged deficiency in light of all

the circumstances, we find these reasons sufficient to rebut the first element to test ineffectiveness under *Strickland* and *Scott* and their progeny.

Assuming we had found trial defense counsel deficient because he did not question the court members, the appellant's claim of ineffectiveness still fails because of a lack of showing of prejudice.

Under the second element of the *Strickland* test, the appellant asserts that the defense counsel's failure to conduct voir dire of the court members prejudiced appellant's right to a fair sentencing portion of trial. He argues that despite a favorable pretrial agreement, the defense counsel had a duty to obtain a panel with members who possessed a fair and open mind, and that the trial is not transformed into an empty ritual because of the favorable pretrial agreement. *See United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1958). However, the appellant has failed to show any prejudice due to counsel's lack of questioning of the court members. He offers the suggestion that because of the severity of the sentence of twenty-five years confinement adjudged by the court members, questioning of the court members may have disclosed some prejudice or grounds for cause which may have resulted in a lesser sentence. However, for "prejudice" under the second prong of *Strickland* there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 466 U.S. at 694, 104 S.Ct. at 2068. The appellant has failed to show reasonable probability that had defense counsel asked questions a different sentence would have been adjudged.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge ARKOW concur.